Opinion op -the Couht.
MOORE, asserting the superior right to four lots in the town of Cynthiana,Nós. 123,124, 39 and 90, exhibited his-bill against Coleman, alleging that, through the trustees of the town and under contracts with Harrisou, the original proprietor of the town, he had obtained conveyances for the three first mentioned lots, and that he • had become the beneficial owner of a receipt given by the said Harrison, for the sale money of the other lot to a certain Braxton Pollard; but that Coleman, knowing of bis superior right,, has, since he became invested thereof, with improper and fraudulent views, entered or pretended to enter into a contract with Harrison for the lots, and now insists upon his having the superior claim, alleging thht'he will dispose of his claim-to others, &c. and refuses to surrender the same to the complainant. The bill makes various persons,, through whom the complainant asserts his superior right,.parties and defendants, together with Coleman, and prays a- decree compelling Coleman to relinquish his title and: claim to the several lots.
The bill, as to the lpt-,N°* 395 was, shortly after it was exhibited, dismissed ’by order of the complainant-
*356 As to the other lots, Coleman answered, admitting the right and title of the complainant to lots No. 123'. and 124; and denying that he ought tobe compelled to convey the same, though he acknowledges bis readiness to make such a conveyance, if it be desired by the complainant. He denies the complainant has any just claim to the lot No. 90, and insists the bill, as to that, ought to be dismissed, &c.
Subsequent to this, the complainant applied to the court and obtained leave to dismiss his bill as to lot No. 90; and after the dismission as to that lot, Coleman filed what he styles a supplemental answer, in the nature of a cross bill, and after setting out the fact of the bill of the complainant having been dismissed as to lot No. 90,. prays that the court will consider and decide on the right to that lot, as put in issue by the original bill and answer thereto, and that the court will finally decree the complainant to convey to him the title, which, since the commencement of his suit, he has fraudulently obtained from the trustees of the town.
This answer and cross bill were responded to b}r Moore, the complainant in the original bill; but the response contains nothing of any importance to the present contest.
The court finally, without taking any notice of the cross hill, pronounced a decree ordering Coleman to surrender his claim, by a deed with special warranty, to the lots No. 123 and 124, and decreed him to pay to the complainant his costs expended in the contest. .
To reverse that decree, this writof error is prosecuted by Coleman.
There can, we apprehend, be no serious doubt as to the propriety of the decree, so far as relates to the lots No. 123 and 124. The right of the complainant to these lots is distinctly admitted by Coleman in his an-, swer; and it was proper, for the purpose of quieting that title against anv future claim by Coleman, or those claiming under him, to compel him to convey his interest to the complainant by a deed warranting the title against him and those only who should claim through him.
1. It was also correct to make Coleman pay costs. He is not only proved to have purchased from Harrison a pretended claim to these lots, butífe appears moreover it? have threatened the son of the complainant that his *357 claim should be employed against the father in the most vexatious,and expensive manner which could- be imagined. It was, therefore, proper, to avoid those consequences which were threatened by Coleman, for the complainant to attempt to quiet his possession send title by exhibiting his bill m equity; and having exhih-ited his bill, it would be highly Iniquitous to compel him to bear the expence of it.
If a defendant and has threatened the complainant with .vexation from it, in chancery, loroftitle ' by°disclaiming title in M.s answer, ought tobe accompanied with a deed otrcl°ase-
Whether costs ought to ^courtof' chancery, is always % dresses itself. to the sound ttochancelf ]or; and the authority of ttie 00urt of appeals to correct decrees for costs in any chan: not^vithouf13
The circumstances might not, perhaps, be sufficient to justify a decree against Coleman for the costs which accrued-after his answer wms filed, if be had tendered with his answer a deed releasing his claim to the lots; but he has- tendered no such release, and not having done so, it is proper he should be charged with the costs growing out of the contest about those lots.
But in argument it was contended, that a considerable portion of the costs, if not the greater part, grew out of the contest about tiie lot No. 90, to which the complainant showmd no right; and having dismissed his suit as to that lot, it was insisted the costs occasioned by asserting claim thereto, ought to have been decreed against the complainant.
2. W e admit, that by dismissinghis suit as to the lot No. 90, the complainant ought not (o be placed on more favorable grounds, as to any claim he may have for costs, iban if the cause had been heard and decided as to all the lots to which any right was asserted' in the original bill. But whether or not costs should be' decreed in a court of equity, is a question that always addresses itself to the sound discretion of the chancellor; and although the court has hitherto entertained jurisdiction for the purpose of correcting decrees for costs; the propriety of doing so is not free from doubt, and most indubitably ought never to be done unless there has been a palpable abuse of the chancellor’s discretion in pronouncing the decree for costs; and in this case such an abuse is not perceived to exist. For although part of the costs may have grown out of the contest about lot No. 90, it would be impossible'to say what portion tbe costs resulted from that source; and consequently, in pronouncing; a decree it was impracticable for the, court so mp discriminate as to excuse Coleman from paying the costs which Were occasioned by that part of the contest, and riqlsaj, the same time release him from the payment of that which wc have seen be ip justice qught to account for. *’’
Though 'cross bills usually arc decided at the same time that original bills are. it is not indispensable that they should be.
3. With respect to the court not having decided ora Coleman’s cross bill at the time it pronounced the decree on the complainant’s original bill, it is sufficient to remark, that although cross bills are most usually decided on at the same time, it is not indispensably essential that they should be. The cross bill of Coleman may yet be decided by the circuit court, and until such a decision is made by that court, it would be premature in this court to express any opinion on the merits of Coleman’s claim.
The objection taken in the assignnjfent of errors, to the decree not being against all the defendants, is entitled to no weight. The cause was he^rd as to all, and although not expressly named in the décree, the interest of those defendants through whom the complainant derived his claim, is as effectually concluded by the decree, as if their names had been expressly mentioned in the decree.
The decree must be affirmed with costs.